**Dated: September 11, 2026**

**The following is ORDERED:**

PAUL R. THOMAS
UNITED STATES BANKRUPTCY JUDGE

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **IN RE:**<br><br>**CRIS J. SHUNK,**<br><br>**Debtor.** | **Case No. 25-11549-T**<br>**Chapter 7** |
| **BRENT BLAKEBURN and SONJA BLAKEBURN,**<br><br>**Plaintiffs,**<br>**v.**<br><br>**CRIS J. SHUNK,**<br><br>**Defendant.** | **Adv. No. 26-01004-T** |

**<u>ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT</u>**

THIS MATTER comes before the Court pursuant to Plaintiffs' Motion for Summary Judgment (the "Motion"),[1] filed by Brent and Sonja Blakeburn ("Plaintiffs"); Defendant's Response to Motion for Summary Judgment (the "Response"),[2] filed by Cris J. Shunk ("Defendant"); and Plaintiffs' Reply (the "Reply").[3] The Court has reviewed the Motion, Response, and Reply, and finds the Motion must be denied. Plaintiffs hold a state court judgment against Defendant for 1) intrusion on seclusion; 2) private nuisance; 3) intentional infliction of emotional distress; and 4) destruction of property. In the Motion, Plaintiffs seek to except the state court judgment debt from discharge pursuant to 11 U.S.C. § 523(a)(6).[4] In support of their request for summary judgment, Plaintiffs rely, in substantial part, on the doctrine of issue preclusion.

"Courts use the doctrine of issue preclusion to prevent the relitigation of issues or facts raised in a second suit on a separate claim between the parties."[5] In other words, issue preclusion "prevents a party that has lost the battle over an issue in one lawsuit from relitigating the same issue in another lawsuit."[6] Moreover, "[i]t is settled law that 'the doctrine of issue preclusion, does, under appropriate circumstances, apply in discharge exception proceedings pursuant to § 523(a).'"[7] "The preclusive effect of a state court judgment in a subsequent federal lawsuit generally is determined by the full faith and credit statute . . . . This statute directs a federal court

---

[1] ECF No. 18.

[2] ECF No. 19.

[3] ECF No. 21.

[4] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.*

[5] *Ford v. Landon (In re Landon)*, 619 B.R. 727, 733 (Bankr. N.D. Okla. 2020). *See Bobby v. Bies*, 556 U.S. 825, 834 (2009).

[6] *Melnor, Inc. v. Corey (In re Corey)*, 583 F.3d 1249, 1251 (10th Cir. 2009).

[7] *In re Landon*, 619 B.R. at 733 (quoting *Grogan v. Garner*, 498 U.S. 279, 285 n.11(1991)).

to refer to the preclusion law of the State in which judgment was rendered."[8] Because the judgment relied on by Plaintiffs was rendered by the Tulsa County District Court, Oklahoma state law applies.

The Oklahoma Supreme Court has made the following statements regarding the use of issue preclusion:

> When a claim or issue is sought to be *barred* by an earlier judgment *in another case*, or when the legal bar of some prior judgment is sought to be *avoided*, the party relying on the adjudication *dehors* the case then before the trial court *must* secure admission (for the record on appeal) *of the entire judgment roll* (or record proper) *in the other case.* Unlike the trial courts, an appellate court may *not* take *judicial notice of any material* on file below, which is not incorporated into the appellate record for review. The meaning, legal effect and validity of a nisi prius adjudication cannot be assessed based solely on the four corners of a journal entry that memorializes the terminal ruling (or some other disposition) in the case. *That assessment, both here and below, must be made upon review of the entire judgment roll (or record proper)*, which consists of ". . . the petition, the process, return, the pleadings subsequent thereto, reports, verdicts, orders, judgments, and all material acts and proceedings of the court . . . ."[9]

As discussed in *In re Burris*, the requirement of providing the entire judgment roll applies equally when a bankruptcy court is asked to apply preclusion doctrines:

> Oklahoma courts require a party relying on issue preclusion to "produce–as proof of its terms, effect and validity–the entire judgment roll for the case which culminated in the decision invoked as a bar to relitigation." *Salazar v. The City of Oklahoma City*, 1999 OK 20, 976 P.2d 1056, 1061 (1999). Without the judgment roll, no court can determine with the requisite degree of certainty what claims were pressed for adjudication and which of the tendered issues were actually submitted and decided. *Salazar*, 976 P.2d at 1061-62. *Failure to produce the judgment roll is fatal to a request that a prior judgment be given preclusive effect. Salazar*, 976 P.2d at 1062. Oklahoma bankruptcy courts recognize that the party seeking to rely on a judgment for preclusive force has the obligation to produce *the entire judgment roll* for the case in which the judgment was entered.[10]

---

[8] *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985). *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005).

[9] *Ouellette v. State Farm Mut. Auto. Ins. Co.*, 918 P.2d 1363, 1367 n.25 (Okla. 1994) (citing Okla. Stat. tit. 12, § 32.1 (definition of judgment roll)).

[10] *Burris v. Burris (In re Burris)*, 591 B.R. 779, 793–94 (Bankr. W.D. Okla. 2018) (footnote omitted and emphasis added). *See Grassmann v. Brown (In re Brown)*, 570 B.R. 98, 113 (Bankr.

As discussed above, the judgment roll consists of "the petition, the process, return, the pleadings subsequent thereto, reports, verdicts, orders, judgments, and all material acts and proceedings of the court[.]"[11]

If Plaintiffs wish to rely on the findings of the state court, they must provide this Court with the *entire* judgment roll from the state court action in addition to a copy of the docket sheet provided by the court in that action. Because Plaintiffs have not done so in the Motion, the Court cannot determine if Plaintiffs are entitled to the relief sought under § 523(a)(6). Therefore, the Motion must be denied. Furthermore, should the parties wish to rely on the doctrine of issue preclusion to establish any facts or law in this proceeding at trial, they should address the specific elements of that doctrine, and whether the issue sought to be precluded was actually litigated in the state court action.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Summary Judgment, at ECF No. 18, is DENIED.

###

W.D. Okla. 2017) ("Without the entire judgment roll, it is not possible for this Court to determine what issues were actually litigated and the legal standards employed by the State Court.").

[11] Okla. Stat. tit. 12, § 32.1 (". . . but if the items of an account, or the copies of papers attached to the pleadings be voluminous, the court may order the record to be made by abbreviating the same, or inserting a pertinent description thereof, or by omitting them entirely. Evidence must not be recorded."). *See also Ouellette*, 918 P.2d at 1367 n.25.